IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEROY YUMAN, IV                          *

             Plaintiff,              *

      v.                          *   CIVIL ACTION NO. GLR-17-2055

WARDEN STEVEN MILLS                      *

          Defendant.              *
                             *****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Leroy Yuman, IV's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2). The Motion is ripe for disposition and no hearing necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motion and dismiss the Complaint without prejudice for filing in the appropriate state court.

## I.      BACKGROUND

While housed at the Dorchester County Detention Center ("DCDC") in 2015, Yuman slipped, fell in a puddle of "nasty and stagnant water," and sustained a bad cut to his foot when he "struggled to pull [his] foot from under the shower door." (Compl. at 1, ECF No. 1-1). He asserts that there were no signs placed in the area stating "caution, wet floor." (Id.). He was taken to the nurses' room and it took forty-five minutes for personnel to decide what treatment to provide. (Id.). Yuman pleads he was bleeding profusely and was in pain the entire time. (Id.).

## II.      DISCUSSION

The Court observes that Yuman has named the DCDC Warden as the sole Defendant. He fails to allege how Warden Mills personally participated in violating his rights under the law. Under 42 U.S.C. § 1983, individual liability must be based on personal conduct. See Wright v. Collins, 766

F.2d 841, 850 (4th Cir. 1985); see also Foote v. Spiegal, 118 F.3d 1416, 1423 (10th Cir. 1997). Further, absent subjective knowledge, a prison official is not liable.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); see Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Because he does not indicate that the Warden was personally responsible for his injury, it appears that Yuman intends to hold Mills liable under a theory of respondeat superior.  Under Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 when a plaintiff establishes three elements: (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;" (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;'" and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  Id. at 799 (citations omitted).  Yuman provides no grounds for supervisory liability.

What is more, the Court concludes that Yuman's allegations set out no constitutional violations.  To the extent that Yuman brings his claim under § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law, it shall be dismissed.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999); see also

28 U.S.C. §§ 1343(a)(3) and (4); <u>West v. Adkins</u>, 487 U.S. 42, 49 (1988); <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 928–30 (1982).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." <u>Mentavlos v. Anderson</u>, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted). Thus, jurisdictional and threshold requirements of §1983 civil actions require a substantial federal claim and that the named defendants act "under color of" state law.

Yuman has, at best, set out a claim of negligence for the alleged failure to place a caution sign around the shower area. A claim of negligence is not colorable under § 1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328–36 & n.3 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-348 (1986); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). In addition, Yuman states that it took personnel forty-five minutes to determine what type of treatment he needed. Such a delay is not sufficient to state a deliberate indifference or punitive behavior claim under the Eighth or Fourteenth Amendment. The Court will, therefore, dismiss the Complaint without prejudice to allow Yuman to file the action in the appropriate state court.

### III.    CONCLUSION

For the foregoing reasons, Yuman's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE.  A separate Order follows.

Entered this 31st day of July, 2017.

_____/s/_____

George L. Russell, III
United States District Judge
